UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO FABELO,

Petitioner,

v.

FIELD OFFICER DIRECTOR, NEW YORK FIELD OFFICE,
U.S. IMMIGRAITON AND CUSTOMS ENFORCEMENT;
B.I. INCORPORATED, a Colorado corporation, with its
principal place of business at 6265 Gunbarrel Avenue, Suite B,
Boulder, Colorado 80301, and a private contractor for US
Immigration and Customs Enforcement administering the
Intensive Supervision Appearance Program (ISAP);
ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

26-CV-3395

ORDER

RONNIE ABRAMS, United States District Judge:

On April 23, 2026, the Court received a petition for the writ of habeas corpus from Petitioner Francisco Fabelo, filed *pro se* pursuant to 28 U.S.C. § 2241.  Dkt. No. 1 (Pet.).

The Court hereby directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  In making the finding that the appointment of *pro bono* counsel is appropriate, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. Petitioner's claim has substantial merit, as other judges in this District have issued judgment in favor of petitioners seeking similar relief.  *See, e.g.*, *Khabazha v. United States Immigr. & Customs Enf't*, 2025 WL

3281514 at *8 (S.D.N.Y. Nov. 25, 2025) (ordering the Government to cease location monitoring for a habeas petitioner when the Government relied up 8 U.S.C. §§ 1225); *Campbell v. Almodovar*, 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025) (ordering cessation of location monitoring in absence of "individualized custody determination based on Petitioner's dangerousness and risk of flight"). Furthermore, depending on the content and nature of the Government's response, the Petition may benefit from further factual investigation and inquiry, as Petitioner has argued that "[l]ess restrictive alternatives" to GPS monitoring are "available and sufficient." Pet. at 4. Finally, the legal issues presented may prove complex for a lay person.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. Given that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989), there is no guarantee that a volunteer attorney will decide to take the case. Petitioner should thus be prepared to proceed with the case *pro se*. The Court has, however, established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

If an attorney volunteers, the attorney will contact Petitioner directly. To the extent Petitioner has already successfully secured counsel, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, Petitioner should inform the Court as soon as possible.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. The Clerk of Court is further directed to send by regular mail a copy of this order to Petitioner.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

Hon. Ronnie Abrams
United States District Judge

2